**Marcus Benjamin WARD, Plaintiff–Appellant,**

v.

**Sherman CHAMPEN, N.P.; et al., Defendants–Appellees.**

No. 12–15084.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 3, 2013.

Marcus Benjamin Ward, Represa, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Todd Irby, Esquire, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Marcus Benjamin Ward appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.

The district court properly granted summary judgment because Ward failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his shoulder pain. *See id.* at 1057–58 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health and safety; neither negligence in diagnosing or treating a medical need, nor a prisoner's difference of opinion concerning the course of treatment, amounts to deliberate indifference).

The district court did not abuse its discretion in denying Ward's motion for a continuance of summary judgment because Ward failed to identify particular facts he hoped to discover to raise a genuine dispute of material fact. *See Hancock v. Montgomery Ward Long Term Disability Trust,* 787 F.2d 1302, 1306 & n. 1 (9th Cir.1986) (setting forth standard of review and explaining that a party seeking to continue summary judgment has the burden of showing what facts he or she hopes to discover to raise a triable dispute).

The district court did not abuse its discretion in denying Ward's motion to extend discovery because Ward failed to show good cause to amend the scheduling order. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir.1992) (setting forth standard of review and explaining that a party seeking to amend a scheduling order must show good cause).

We reject Ward's contention that the district court erred in denying his motion to certify counsel.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.